In the Matter of GEORGE H. VALLARIO, JR. (Admitted as GEORGE HENRY VALLARIO, JR.), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 8, 1988

## APPEARANCES OF COUNSEL

*Robert H. Straus (Vincent J. Carroll, Jr.,* of counsel), for petitioner.

*Roger Bennet Adler, P. C.,* and *Richard E. Mischel, P. C.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on December 15, 1965, under the name George Henry Vallario, Jr. By order of this court dated April 25, 1986, the respondent was suspended from the practice of law until the further order of this court based upon his conviction of a "serious crime" (119 AD2d 784).

In this proceeding the Special Referee sustained four charges of misconduct alleged against the respondent. The petitioner moves to confirm the report of the Special Referee, and the respondent cross-moves to disaffirm the report.

Charge one of the petition alleged that the respondent was guilty of having been convicted of a "serious crime", in that on November 25, 1985, he pleaded guilty to violation of 26 USC § 7203, willfully failing to file an income tax return for a corporation. On February 14, 1986, the respondent was sentenced to probation for a period of one year.

Charge two of the petition alleged that the respondent participated with others in an attempt to file false and fraudulent papers with the New York State Liquor Authority.

Charge three of the petition alleged that the respondent knowingly made false statements to agents of the Federal Bureau of Investigation.

Charge four of the petition alleged that the respondent knowingly made false statements to an Assistant United States Attorney.

The record reveals that these charges arose out of the respondent's participation with others in a discotheque licensed to serve alcoholic beverages. The respondent was originally the president of the corporation and one of its many shareholders. The respondent's criminal activity involved, *inter alia,* his failure to provide the State Liquor Authority with the names of the true parties attempting to purchase an interest in the corporation as well as his failure to provide truthful information to the FBI and to the United States Attorney.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is

guilty of the misconduct outlined above. The petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances set forth by the respondent at the hearing of this matter, including the fact that the respondent's isolated transgression did not involve the practice of law, the respondent's excellent reputation, his previously unblemished record, and the fact that he had no previous business experience. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of four years, nunc pro tunc to April 25, 1986, and until further order of this court.

MANGANO, J. P., THOMPSON, BRACKEN, BROWN and EIBER, JJ., concur.